IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNIVERSITY OF KANSAS ) <br> HOSPITAL AUTHORITY, ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> DIANE J. DALTON, ) <br> ) <br>     Defendant / Third-Party Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> JOHN ALDEN LIFE INSURANCE ) <br> COMPANY, ) <br> ) <br>     Third-Party Defendant. ) <br> ) <br> _____) | Case No. 10-2325-JWL |

## **MEMORANDUM AND ORDER**

Plaintiff University of Kansas Hospital Authority ("KUHA") sued defendant Diane J. Dalton in the District Court of Wyandotte County, Kansas, seeking to collect approximately $46,000 for unpaid medical bills. Ms. Dalton filed a third-party complaint against her insurer, John Alden Life Insurance Company ("John Alden"), alleging that John Alden must indemnify her for any amounts owed to KUHA, under theories of breach of contract and estoppel. John Alden removed the case to this Court under 28 U.S.C. § 1441, on the basis that because Ms. Dalton's policy was part of an employee benefit plan, her claims are governed by the federal Employee Retirement

Income Security Act (ERISA), 29 U.S.C. §§ 1001 et seq., thereby providing a basis for federal question jurisdiction under 28 U.S.C. § 1332. This matter presently comes before the Court on Ms. Dalton's motion to remand the case back to state court (Doc. # 4). The Court concludes that John Alden, as a third-party defendant, was not entitled to remove this case to federal court, and that the Court therefore lacks subject matter jurisdiction over this action. Accordingly, the Court **grants** the motion and remands the case back to state court.

In seeking remand, Ms. Dalton does not dispute that her policy is subject to ERISA, but she argues that jurisdiction was proper in Wyandotte County because ERISA grants state courts concurrent jurisdiction of actions to recover benefits. *See* 29 U.S.C. § 1132(e)(1). The issue is not whether the state court had jurisdiction, however, but whether the action was removable to federal court. The United States Supreme Court has held that state-law claims for benefits under ERISA plans are preempted by ERISA and therefore arise under federal law, and that such actions are therefore removable to federal court. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Therefore, Ms. Dalton's argument in favor of remand does not have merit.

Nonetheless, because the issue is one of subject matter jurisdiction, the Court must examine whether John Alden, as a third-party defendant, was entitled to remove the state-court action to federal court under 28 U.S.C. § 1441. *See 1mage Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (federal courts have independent obligation to determine whether subject matter jurisdiction exists, and thus

may raise the question sua sponte). Although the Tenth Circuit has not addressed this question, the view of the great majority of courts, as well as that of two leading treatises, is that a third-party defendant may not remove a case to federal court, under either 28 U.S.C. § 1441(a) or 28 U.S.C. § 1441(c). *See First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461-67 (6th Cir. 2002) (citing cases; 16 *Moore's Federal Practice* § 107.11[1][b][iv], at 107-31 (3d ed. 2000); and 14C Charles A. Wright, et al., *Federal Practice & Procedure* § 3731 (3d ed. 1998)). This Court also adopts that majority view, for the reasons set forth by the Sixth Circuit in its thorough analysis of the issue in *First National Bank of Pulaski*. *See id.* Moreover, the Court concludes that the majority view best comports with the Tenth Circuit's presumption against removal jurisdiction, *see Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and its instruction that removal statutes are to be narrowly construed, *see Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). *See also Menninger Clinic Inc. v. Schilly*, 1992 WL 373927, at *1-2 (D. Kan. Nov. 23, 1992) (Saffels, J.) (adopting majority rule); *NCO Fin. Sys., Inc. v. Yari*, 422 F. Supp. 2d 1237, 1239-42 (D. Colo. 2006) (following *Menninger Clinic* and concluding that majority view best comports with Tenth Circuit law).

Accordingly, because third-party defendant John Alden was not entitled to remove this action under 28 U.S.C. § 1441, this Court lacks subject matter jurisdiction, and the case must be remanded back to the state court.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant Diane Dalton's motion to remand (Doc. # 4) is **granted**, and the Court orders that the case be remanded to the District Court of Wyandotte County, Kansas.

IT IS SO ORDERED.

Dated this 25th day of August, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum<br>John W. Lungstrum<br>United States District Judge